```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

United States of America,          :

      Plaintiff,                :

  v.                                :          Case No. 2:11-mj-0371

Jamie John Lebel,                  :          Magistrate Judge Kemp

      Defendant.                :

<u>DETENTION ORDER</u>

    The defendant, Jamie John Lebel, accompanied by counsel, appeared for a detention hearing on May 13, 2011.  After the hearing, the Court decided that the defendant should be detained pending further proceedings.  This order explains why.

    On May 10, 2011, defendant was charged in a criminal complaint with traveling in interstate commerce and failing to register as required by SORNA (the Sex Offender Registration and Notification Act, 18 U.S.C. §2250(a)).  He waived a preliminary hearing, so the Court is entitled to conclude that probable cause exists to believe he committed the offense, which involved his travel from Florida to Ohio and his failure to register as a sex offender once in Ohio, as well his use of an address at which he did not live when he last registered in Florida.  As to the issue of detention, the United States has the burden of proof, explained as follows.

    Under 18 U.S.C. §3142(f), a detention hearing may be held in a case involving, <u>inter alia,</u> a serious risk that the person to be detained will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.  Such a hearing may also be held if there is a serious risk that the person sought to be detained will flee.  At the hearing, it is the task of the presiding judicial officer to

determine whether any condition or combination of conditions of release "will reasonably assure the appearance of the person as required and the safety of any other person and the community...."

Following the hearing, "if the judicial officer determines that no such conditions exists, such judicial officer shall order the detention of the person before trial." Id.  If detention is based upon a finding that no condition or combination of conditions will reasonably assure the safety of any other person in the community, such a finding must be supported by clear and convincing evidence.  Proof that the person sought to be detained is a serious risk of flight must be by a preponderance of the evidence.

18 U.S.C. §3142(g) requires the judicial officer to consider available information concerning (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  See, e.g., United States v. Arvanitis, 667 F. Supp. 693 (N.D. Ill. 1987).  Detention may be ordered based upon a finding that the defendant is likely to continue to engage in criminal activity which poses a threat either to the community or to the safety of particular persons, and such circumstances are not limited to proof that the defendant poses a serious risk either to obstruct justice or to intimidate or injure a prospective witness or juror.  See, e.g., United States v. Daniels, 772 F.2d 382 (7th Cir. 1985); United States v. Yeaple, 605 F.Supp. 85 (M.D. Pa. 1985).

According to the Pretrial Services report, Mr. Lebel was a

resident of Ohio for only a few weeks prior to his arrest.  He has lived in Florida (including a term of imprisonment from 2000-2006) since 1994.  He also served in the Marines.  He has no real ties to Ohio other than having lived for a short period of time with his girlfriend and a friend of hers in Jackson County.  He has not been employed since December, 2009.

The sex offense which triggered the defendant's reporting requirement was committed in Florida in 2000.  He was eventually released from prison but committed a probation violation and served an additional 21 months in jail.  From evidence introduced at the hearing, it appears that after his most recent release from jail, he registered as a sex offender at the address of his girlfriend's ex-husband but never lived there, and then came to Ohio because he would have a place to live.

There are very few positive factors in the Pretrial Services report, and the Pretrial Services office recommended detention.  Defendant did fail to register, which raises concerns about a flight risk, he has a history of violating probation, he has a serious sex offense conviction, and he has no stable living environment, no employment, and no ties to Ohio.  Under these circumstances, the Court could not envision any release conditions which would adequately guard against either a risk of flight or a danger to the community, and it concluded that the United States had met its burden of proof.  For these reasons, the Court granted the United States' motion to detain the defendant without bond.

The defendant was advised of his right to seek review of this order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

/s/ Terence P. Kemp  
United States Magistrate Judge